T.C. Memo. 2003-20

UNITED STATES TAX COURT

AUGUSTIN BOLSOVER JOMBO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 980-02L.                    Filed January 22, 2003.

Augustin Bolsover Jombo, pro se.

<u>Bradley C. Plovan</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  The petition in this case was filed in
response to a Notice of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330 (notice of determina-
tion).

FINDINGS OF FACT

Most of the facts have been stipulated and are so found.

At the time petitioner filed the petition in this case, he resided in East Sussex, England.

On November 25, 1997, respondent mailed to petitioner a notice of deficiency (November 25, 1997 notice) with respect to his taxable years 1993 and 1994, which he received.  On February 9, 1998, petitioner filed a petition in the Court with respect to the November 25, 1997 notice.  (We shall refer to the case that petitioner commenced on February 9, 1998, with respect to the November 25, 1997 notice relating to his taxable years 1993 and 1994 as the case at docket No. 2446-98.)  The Court set the case at docket No. 2446-98 for trial on December 14, 1998, in Baltimore, Maryland.  The Court continued the trial in that case until April 12, 1999, and set the place of that trial in Washington, D.C.

On April 12, 1999, the Court called the case at docket No. 2446-98 for trial in Washington, D.C.  Neither petitioner nor any authorized representative of petitioner appeared at that trial.  Respondent orally moved to dismiss the case at docket No. 2446-98 for lack of prosecution.

On April 12, 1999, the Court entered an Order of Dismissal and Decision (April 12, 1999 Order of Dismissal and Decision) with respect to the case at docket No. 2446-98.  In that Order, the Court (1) granted respondent's oral motion to dismiss the case at docket No. 2446-98 for lack of prosecution and

(2) decided that there were due from petitioner for his taxable years 1993 and 1994 deficiencies in his Federal income tax (tax) in the respective amounts of $108,542 and $121,983 and additions to such tax in the respective amounts of $21,708 and $24,397.

On April 13, 1999, the Court granted petitioner until June 11, 1999, within which to file a motion to vacate the April 12, 1999 Order of Dismissal and Decision in the case at docket No. 2446-98. That was because petitioner had telephoned the Clerk of the Court and indicated that he had not received until April 11, 1999, the Order setting the case at docket No. 2446-98 for trial on April 12, 1999, in Washington, D.C.

On June 8, 1999, petitioner filed a motion to vacate the April 12, 1999 Order of Dismissal and Decision. On July 9, 1999, the Court denied that motion to vacate.

On September 29, 1998, respondent mailed to petitioner a notice of deficiency (September 29, 1998 notice) with respect to his taxable year 1995, which he received. In the September 29, 1998 notice, respondent determined a deficiency in, and an addition to, petitioner's tax for his taxable year 1995 in the respective amounts of $432,990 and $21,581. Petitioner did not file a petition in the Court with respect to the September 29, 1998 notice relating to his taxable year 1995.

On September 22, 2000, respondent filed a notice of Federal tax lien with the Recorder of Deeds in Washington, D.C., with

respect to petitioner's taxable years 1993, 1994, and 1995. That notice stated, inter alia, **"We have made a demand for payment of this liability, but it remains unpaid."**

On September 22, 2000, respondent issued to petitioner a notice informing him that respondent had filed a Federal tax lien with respect to his taxable years 1993, 1994, and 1995 and that he had a right to a hearing (Appeals Office hearing) with respondent's Appeals Office with respect to that lien.

On October 19, 2000, petitioner filed Form 12153, Request for a Collection Due Process Hearing (Form 12153). Petitioner indicated in that form that he did not agree with the filing by respondent of a Federal tax lien with respect to his taxable years 1993, 1994, and 1995. In support of that position, petitioner stated in Form 12153 that his "Tax liability is yet to be established-concerning my diplomatic status / a greencard holder who stayed less than 31 days in the US. (2) Other matters faxed to IRS officer."

On November 29, 2001, respondent's Appeals Office held an Appeals Office hearing with petitioner. On December 27, 2001, the Appeals Office mailed to petitioner a notice of determination with respect to his taxable years 1993, 1994, and 1995. The notice stated in pertinent part:

> **Applicable law and administrative procedures**
>
> With the best information available, the requirements of various applicable laws or administrative procedures

have been met, and the actions taken or proposed by Revenue Officer Sterling were appropriate under the circumstances.

IRC Section 6321 provides a statutory lien when a taxpayer neglects or refuses to pay a tax liability after notice and demand. Transcripts of your accounts show the Service Center issued these notices; the obligation remains unpaid.

     *       *       *       *       *       *       *

While the law imposes no further requirements prior to the filing of a notice of federal tax lien, IRM 5.12.1.3 requires that reasonable efforts be made to contact you before filing of the notice of Federal tax lien. Notices were sent attempting contact with you.

IRC 6320, as enacted by RRA '98, imposed Due Process provisions effective January 19, 1999. Internal Revenue Service is required to give notice to you in writing within five days after the filing of a notice of Federal tax lien of your rights to request a hearing with Appeals if the request is made during the thirty days following the end of the five-day notification period. These constraints were made in this appeal.

This Settlement Officer has had no prior involvement with respect to these liabilities.

**Relevant issues raised by the taxpayer**

You were given the opportunity to raise any relevant issues relating to the unpaid tax or the proposed collection action per IRC Section 6330. You believe you do not owe the tax, because you were not a landed immigrant at the time you won the lottery. You feel the pending court decision on a later year will prove that you are not liable for the tax. If you are found to owe the tax, you will make arrangements to pay at that time.

**Balancing efficient collection and intrusiveness**

IRC Section 6330 requires that the Settlement Officer consider whether any collection action balances the need for efficient collection of taxes with the legitimate concern that any collection action be no

more intrusive than necessary.  The file indicates that the legal requirements pursuant to filing a lien were met and that there was no improper action in such filing.  You had no challenge to the appropriateness of the collection action, except your assertion that you do not owe the tax.  Since the Tax Court and Appeals have previously determined that the tax is owed, the filing of the notice of Federal tax lien is appropriate to protect the Government's interest.

## OPINION

As we understand petitioner's position, he is challenging the respective underlying tax liabilities for his taxable years 1993, 1994, and 1995.[1]  With respect to petitioner's taxable years 1993 and 1994, petitioner received a notice of deficiency, filed a petition with respect to that notice, thereby commencing the case at docket No. 2446-98, and did not appear at the trial in that case which the Court had set for trial on April 12, 1999, in Washington, D.C.  As a consequence, the Court granted respondent's oral motion to dismiss for lack of prosecution in the case at docket No. 2446-98 and entered an Order of Dismissal and Decision against petitioner in that case.  Thereafter, the Court denied petitioner's motion to vacate that Order.  With respect to petitioner's taxable year 1995, petitioner received a notice of

---

[1]Specifically, petitioner argues that he has shown in another case that he commenced in the Court with respect to his taxable year 1996 that he is not liable for tax not only for that year, but also for 1993, 1994, and 1995.  We note that after the trial in the instant case the Court issued an Opinion with respect to petitioner's taxable year 1996 in the other case on which petitioner is relying, in which we sustained respondent's determinations with respect to that year.  See Jombo v. Commissioner, T.C. Memo. 2002-273.

deficiency, but he did not file a petition with respect to that notice.  On the instant record, we find that petitioner may not challenge the underlying tax liability for any of his taxable years 1993, 1994, or 1995.  See sec. 6330(c)(2)(B).[2]

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion.[3]  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).

In support of his position that respondent may not proceed with the collection action as determined in the notice of determination with respect to his taxable years 1993, 1994, and 1995, petitioner argues that respondent did not comply with the collection procedures set forth in the Code.  On the instant record, we find that respondent complied with the applicable collection procedures.  See sec. 6320.

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined in the notice of determination with respect to petitioner's

_____

[2]All section references are to the Internal Revenue Code (Code) in effect at all relevant times.

[3]Assuming arguendo that petitioner had properly placed at issue the validity of the respective underlying tax liabilities for his taxable years 1993, 1994, and 1995, on the record before us, we find that such liabilities are valid.

taxable years 1993, 1994, and 1995.  We further find on that record that respondent may proceed with the collection action as determined in that notice with respect to those years.

We have considered all of petitioner's arguments and contentions that are not discussed herein, and we find them to be without merit and/or irrelevant.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.