T.C. Memo. 2003-195


UNITED STATES TAX COURT


GEORGE R. KEMPER AND KAREN S. KEMPER, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17050-02L.                    Filed July 8, 2003.


George R. Kemper and Karen S. Kemper, pro sese.

Wendy S. Harris, for respondent.


MEMORANDUM OPINION


CHIECHI, Judge:  This case is before the Court on respon-
dent's motion for summary judgment and to impose a penalty under
section 6673[1] (respondent's motion).  We shall grant respondent's

_____

[1]All section references are to the Internal Revenue Code in
effect at all relevant times.  All Rule references are to the Tax
Court Rules of Practice and Procedure.

motion.

## Background

The record establishes and/or the parties do not dispute the
following.

Petitioners resided in Las Vegas, Nevada, at the time they
filed the petition in this case.

Sometime between December 30, 1996, and January 6, 1997,
petitioners filed jointly a Federal income tax (tax) return for
their taxable year 1995 (1995 joint return). In their 1995 joint
return, petitioners reported total income of $0 and total tax of
$0 and claimed a refund of $7,618.21 of tax withheld. Petition-
ers attached to their 1995 joint return two Forms W-2, Wage and
Tax Statement (Form W-2), reporting wages, tips, and other
compensation totaling $46,259. Petitioners also attached a
document to their 1995 joint return (petitioners' attachment to
their 1995 joint return) that contained statements, contentions,
and arguments that the Court finds to be frivolous and/or ground-
less.[2]

On or about April 15, 1997, petitioners filed jointly a tax
return for their taxable year 1996 (1996 joint return). In their
1996 joint return, petitioners reported total income of $0 and

---

[2]Petitioners' attachment to their 1995 joint return is very
similar to the documents that certain other taxpayers with cases
in the Court attached to their tax returns. See, e.g., Copeland
v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C.
Memo. 2003-45.

total tax of $0 and claimed a refund of $5,415.97 of tax with-
held. Petitioners attached to their 1996 joint return four Forms
W-2 reporting wages, tips, and other compensation totaling
$53,581. Petitioners also attached a document to their 1996
joint return (petitioners' attachment to their 1996 joint return)
that contained statements, contentions, and arguments that the
Court finds to be frivolous and/or groundless.[3]

On or about April 15, 1998, petitioners filed jointly a tax
return for their taxable year 1997 (1997 joint return). In their
1997 joint return, petitioners reported total income of $0 and
total tax of $0 and claimed a refund of $1,742.50 of tax with-
held. Petitioners attached to their 1997 joint return Form W-2
reporting wages, tips, and other compensation of $60,124.
Petitioners also attached a document to their 1997 joint return
(petitioners' attachment to their 1997 joint return) that con-
tained statements, contentions, and arguments that the Court
finds to be frivolous and/or groundless.[4]

On or about April 14, 1999, petitioners filed jointly a tax
return for their taxable year 1998 (1998 joint return). In their

---

[3]Petitioners' attachment to their 1996 joint return is very
similar to the documents that certain other taxpayers with cases
in the Court attached to their tax returns. See, e.g., Copeland
v. Commissioner, supra; Smith v. Commissioner, supra.

[4]Petitioners' attachment to their 1997 joint return is very
similar to the documents that certain other taxpayers with cases
in the Court attached to their tax returns. See, e.g., Copeland
v. Commissioner, supra; Smith v. Commissioner, supra.

1998 joint return, petitioners reported total income of $0 and total tax of $0 and claimed a refund of $119.62 of tax withheld. Petitioners attached to their 1998 joint return four Forms W-2 reporting wages, tips, and other compensation totaling $58,497.84.

On May 21, 1999, respondent issued to petitioners three notices of deficiency with respect to their taxable years 1995, 1996, and 1997, respectively, and on April 7, 2000, respondent issued to them a fourth notice of deficiency (notice) with respect to their taxable year 1998, all of which they received. In the notice relating to petitioners' taxable year 1995, respondent determined a deficiency in, an addition under section 6651(a)(1) to, and an accuracy-related penalty under section 6662(a) on petitioners' tax for that year in the respective amounts of $11,831.50, $1,053.32, and $842.60. In the notice relating to petitioners' taxable year 1996, respondent determined a deficiency in, and an accuracy-related penalty under section 6662(a) on, petitioners' tax for that year in the respective amounts of $9,345 and $785.80. In the notice relating to petitioners' taxable year 1997, respondent determined a deficiency in, and an accuracy-related penalty under section 6662(a) on, petitioners' tax for that year in the respective amounts of $7,405 and $1,132.60. In the notice relating to petitioners' taxable year 1998, respondent determined a deficiency in, and an

accuracy-related penalty under section 6662(a) on, petitioners' tax for that year in the respective amounts of $8,754 and $1,726.88.

Petitioners did not file a petition in the Court with respect to the respective notices relating to their taxable years 1995, 1996, 1997, and 1998.

On December 13, 1999, respondent assessed petitioners' tax, as well as a penalty under section 6662(a) and interest as provided by law, for each of their taxable years 1996 and 1997. (We shall refer to those assessed amounts, as well as interest as provided by law accrued after December 13, 1999, as petitioners' unpaid liabilities for 1996 and 1997.)

On December 13, 1999, respondent issued to petitioners a notice of balance due with respect to petitioners' unpaid liabilities for 1996 and 1997.

On December 27, 1999, respondent assessed petitioners' tax, as well as an addition to tax under section 6651(a)(1), a penalty under section 6662(a), and interest as provided by law, for their taxable year 1995. (We shall refer to those assessed amounts, as well as interest as provided by law accrued after December 27, 1999, as petitioners' unpaid liability for 1995.)

On December 27, 1999, respondent issued to petitioners a notice of balance due with respect to petitioners' unpaid liability for 1995.

On September 11, 2000, respondent assessed petitioners' tax, as well as a penalty under section 6662(a) and interest as provided by law, for their taxable year 1998. (We shall refer to those assessed amounts, as well as interest as provided by law accrued after September 11, 2000, as petitioners' unpaid liability for 1998.)

On September 11, 2000, respondent issued to petitioners a notice of balance due with respect to petitioners' unpaid liability for 1998.

On August 27, 2001, respondent issued to petitioners a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to (1) petitioners' taxable years 1989, 1990, and 1991, (2) petitioners' unpaid liabilities for 1995, 1996, 1997, and 1998, and (3) a frivolous return penalty under section 6702 with respect to petitioners' taxable year 1999. That notice showed in pertinent part:

| Form Number | Tax Period | Unpaid Amount from Prior Notices | Additional Penalty and Interest | Amount You Owe |
|---|---|---|---|---|
| 1040 | 12/31/1989 | $11,373.42 | $13,944.62 | $25,318.04 |
| 1040 | 12/31/1990 | 7,542.93 | 9,628.18 | 17,171.11 |
| 1040 | 12/31/1991 | 525.47 | 730.83 | 1,256.30 |
| 1040 | 12/31/1995 | 8,266.10 | 2,155.31 | 10,421.41 |
| 1040 | 12/31/1996 | 5,875.85 | 1,739.85 | 7,615.70 |
| 1040 | 12/31/1997 | 7,742.80 | 2,389.62 | 10,132.42 |
| 1040 | 12/31/1998 | 11,649.53 | 2,042.94 | 13,692.47 |
| CIVPEN | 12/31/1999 | 500.00 | 46.01 | 546.01 |

On or about September 24, 2001, in response to the notice of

intent to levy, petitioners filed Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office) with respect to petitioners' taxable year 1991, petitioners' unpaid liabilities for 1995, 1996, 1997, and 1998, and the frivolous return penalty under section 6702 with respect to petitioners' taxable year 1999.  In that form, petitioners stated that they intended to make an audio recording of their Appeals Office hearing.  Petitioners attached a document to their Form 12153 (petitioners' attachment to Form 12153) that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[5]

In response to petitioners' Form 12153, a settlement officer with the Appeals Office (settlement officer) sent a letter dated July 23, 2002, which stated in pertinent part:

> I have scheduled the hearing you requested on this case for the date and time shown above [August 29, 2002].
> * * *
>
> *     *     *     *     *     *     *
>
> I have requested certified transcripts showing the assessments, and plan to have copies for you at the hearing. * * * Further, no audio or stenographic recordings are allowed on Appeals cases effective as of

---

[5]Petitioners' attachment to Form 12153 contained statements, contentions, arguments, and requests that are very similar to the statements, contentions, arguments, and requests contained in the attachments to Forms 12153 filed with the Internal Revenue Service by certain other taxpayers with cases in the Court.  See, e.g., Flathers v. Commissioner, T.C. Memo. 2003-60.

May 2, 2002 and forward.  Therefore you [sic] request to tape record and/or bring a court reporter * * * is denied.

On August 29, 2002, a settlement officer held an Appeals Office hearing with petitioner George R. Kemper (Mr. Kemper) with respect to the notice of intent to levy.[6]  At the Appeals Office hearing, the settlement officer gave Mr. Kemper Form 4340, Certificate of Assessments, Payments, and Other Specified Matters (Form 4340), with respect to each of petitioners' taxable years 1995, 1996, 1997, and 1998.

On September 26, 2002, the Appeals Office issued a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination) to Mr. Kemper and a separate notice of determination to Ms. Kemper.  (We shall refer collectively to those two notices as petitioners' notices of determination.)  An attachment to each such notice of determination stated in pertinent part:

**Verification of Legal and Procedural Requirements**

The Secretary has provided sufficient verification that all legal and procedural requirements have been met. Appeals has reviewed computer transcripts verifying the assessment.

Assessments were made and the taxpayer was issued notice and demand letters by regular mail, to the taxpayer's last known address, as required under IRC 6303.  He neglected or refused to pay.  The notices required under IRC 6331(d) and IRC 6330 were combined

---

[6]Petitioner Karen S. Kemper (Ms. Kemper) did not appear at the Appeals Office hearing held on Aug. 29, 2002.

in Letter 1058, dated 08/27/2001, which was mailed certified to the taxpayer's last known address. The taxpayer responded with Form 12153, Request for a Collection Due Process Hearing, which was received and date stamped 09/28/2001.

The taxpayer appeared in person for his Collection Due Process hearing, his spouse chose not to come to the hearing. Settlement Officer Mike Freitag conducted the hearing. Settlement Officer Donna Fisher was also in attendance.

At the hearing the taxpayer was asked if he had any recording devices. He said he did not have one. He was again reminded that no recording of Appeals' hearings is allowed.

     *        *        *        *        *        *        *

**Issues Raised by the Taxpayer**

     *        *        *        *        *        *        *

The IRS * * * sent statutory notices of deficiency dated May 21, 1999 to the taxpayers at their last known address asserting a deficiency for the taxable years 1995, 1996, and 1997. The taxpayers received the notices of deficiency in time to petition the Tax Court for a redetermination of the deficiencies. They did not file a timely petition to Tax Court, but responded to the notices with a letter dated 08/18/1999 with their same non-filer arguments. The tax was properly assessed.

The IRS * * * sent statutory notices of deficiency dated 04/07/2000 to the taxpayers at their last known address asserting a deficiency for the taxable year 1998. The taxpayers received the notices of deficiency in time to petition the Tax Court for a redetermination of the deficiencies. They did not file a timely petition to Tax Court * * *

After being shown one of the notices of deficiencies, he stated he did receive them. Appeals then stated that as he received those notices and failed to petition the tax court, he could not argue the liability at the hearing.

\*       \*       \*       \*       \*       \*       \*

They filed bankruptcy on 01/31/2002, and the bankruptcy was closed 06/12/2002. \* \* \* Income tax liabilities for 1989, 1990, and 1991 are dischargeable per the Bankruptcy Code rules.

When the taxpayers were mailed Letter 1058, Final Notice-Notice of Intent to Levy and Notice of Your Right to a Hearing, the taxpayers responded with Form 12153, attaching several pages of non-filer arguments.

At the hearing the taxpayer was explained the Appeals process and he stated that he had been through several hearings before and that they were a waste of time.

At the hearing Appeals provided the following documents:

a)   A copy of the memorandum of 5/2/02 stating audio and stenographic recordings of Appeals cases will no longer be allowed;

b)   Copies of the form 2866 to which the forms 4340, Certificate of Assessment, are annexed for the period in dispute;

c)   A copy of the pamphlet "Why do I have to Pay Taxes";

d)   A copy of "The Truth About Frivolous Tax Arguments";

e)   A list of I.R.C. code sections defining income, who must file, etc.;

When Appeals tried to explain that the court could impose sanctions, he stated, "that no court case was like his."  When Appeals again explained that sanctions could indeed be imposed for the same types of arguments the taxpayer was raising, he didn't say anything.

The taxpayer was asked if he were interested in collection alternatives such as an offer in compromise, or an installment agreement, and was reminded that all returns due to date must be appropriately filed for the offer to be considered, or for an installment agreement, but he is not in filing compliance and was unwilling to discuss collection alternatives.  When asked if all returns had been filed, he replied that he filed what he felt were appropriate returns.

The taxpayer raised no non-frivolous issues.  The information previously submitted by the taxpayers was reviewed, and in that material Karen Kemper raised no non-filer issues.

**Balancing the Need for Efficient Collection with Taxpayer Concerns**

The requirements of all applicable laws and administrative procedures have been met.  The taxpayers received their required notices.  At the hearing, Appeals raised collection alternatives with George Kemper, but he was not interested.  Given the taxpayers' continued non-compliance, the government should be allowed to proceed with its proposed enforcement action, its intent to levy on tax periods 1995, 1996, 1997 and 1998.  Lacking the taxpayers' cooperation, the proposed collection action balances the need for efficient collection with the taxpayer's concern that any collection action be no more intrusive than necessary.  [Reproduced literally]

On October 29, 2002, petitioners filed a petition with the Court for review of petitioners' notices of determination only insofar as those notices relate to petitioners' unpaid liabilities for 1995, 1996, 1997, and 1998.  Except for an argument under section 7521(a)(1), the petition contains statements, contentions, arguments, and questions that the Court finds to be frivolous and/or groundless.[7]  With respect to section 7521(a)(1), petitioners allege in the petition that the Appeals Office refused to allow them to make an audio recording of the Appeals Office hearing held on August 29, 2002, and that that

---

[7]The frivolous and/or groundless statements, contentions, arguments, and questions in petitioners' petition are very similar to the frivolous and/or groundless statements, contentions, arguments, and questions in petitions filed by certain other taxpayers with cases in the Court.  See, e.g., Keown v. Commissioner, T.C. Memo. 2003-69.

refusal was improper under that section.

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law.[8]  Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion.  <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).

As was true of petitioners' respective attachments to their 1995 joint return, their 1996 joint return, and their 1997 joint return, petitioners' attachment to Form 12153, and petitioners' petition except for an argument under section 7521(a)(1), petitioners' response to respondent's motion (petitioners' response)

---

[8]The only matters raised in petitioners' petition and the only questions raised in respondent's motion relate to petitioners' unpaid liabilities for 1995, 1996, 1997, and 1998 over which we have jurisdiction.  Neither the petition nor respondent's motion relates to the frivolous return penalty under sec. 6702 regarding petitioners' taxable year 1999 over which we do not have jurisdiction, <u>Van Es v. Commissioner</u>, 115 T.C. 324, 328-329 (2000), or to petitioners' taxable years 1989, 1990, and 1991.  Consequently, our discussion hereinafter is limited to petitioners' unpaid liabilities for 1995, 1996, 1997, and 1998.

contains statements, contentions, and arguments that the Court finds to be frivolous and/or groundless.[9]

We turn to petitioners' argument under section 7521(a)(1) that the refusal by the Appeals Office to permit petitioners to make an audio recording of the Appeals Office hearing held on August 29, 2002, was improper.  Throughout the period commencing with petitioners' filing their 1995 joint return with respondent and ending with their filing petitioners' response with the Court, petitioners have made statements and requests and advanced contentions, arguments, and questions that the Court has found to be frivolous and/or groundless.  Consequently, even though we held in Keene v. Commissioner, 121 T.C. __ (2003), that section 7521(a)(1) requires the Appeals Office to allow a taxpayer to make an audio recording of an Appeals Office hearing held pursuant to section 6330(b), we conclude that (1) it is not necessary and will not be productive to remand this case to the Appeals

_____

[9]The frivolous and/or groundless statements, contentions, and arguments in petitioners' response are similar to the types of frivolous and/or groundless statements, contentions, and arguments in responses by certain other taxpayers with cases in the Court to motions for summary judgment and to impose a penalty under sec. 6673 filed by the Commissioner of Internal Revenue in such other cases.  See, e.g., Smith v. Commissioner, T.C. Memo. 2003-45.

Although not altogether clear, petitioners' response may also be raising the argument under sec. 7521(a) advanced in the petition that respondent's refusal to allow petitioners to make an audio recording of the Appeals Office hearing held on Aug. 29, 2002, was improper.

Office for another hearing under section 6330(b) in order to allow petitioners to make such an audio recording, see <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001), and (2) it is not necessary or appropriate to reject respondent's determination to proceed with the collection action as determined in the notices of determination with respect to petitioners' unpaid liabilities for taxable years 1995, 1996, 1997, and 1998, see <u>id.</u>

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined in the notices of determination with respect to petitioners' unpaid liabilities for taxable years 1995, 1996, 1997, and 1998.

In respondent's motion, respondent requests that the Court require petitioners to pay a penalty to the United States pursuant to section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

In <u>Pierson v. Commissioner</u>, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty under section 6673(a) on those taxpayers who

abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions.

In the instant case, petitioners advance, we believe primarily for delay, frivolous and/or groundless contentions, arguments, requests, and questions, thereby causing the Court to waste its limited resources.  We shall impose a penalty on petitioners pursuant to section 6673(a)(1) in the amount of $8,500.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

An order granting respondent's motion and decision will be entered for respondent.