T.C. Memo. 2003-196

UNITED STATES TAX COURT

VIRGIL AND JOYCE BRASHEAR, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12147-02L.               Filed July 9, 2003.

Virgil and Joyce Brashear, pro sese.

<u>Alan J. Tomsic</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment and to impose a penalty under

section 6673[1] (respondent's motion).[2]  We shall grant respon-
dent's motion.

## Background

The record establishes and/or the parties do not dispute the
following.

Petitioners resided in Henderson, Nevada, at the time they
filed the petition in this case.

On April 15, 1999, petitioners filed jointly a Federal
income tax (tax) return for their taxable year 1998 (1998 joint
return).  In their 1998 joint return, petitioners reported total
income of $0 and total tax of $0 and claimed a refund of $748.40
of tax withheld.  Petitioners attached to their 1998 joint return
Form W-2, Wage and Tax Statement, reporting wages, tips, and
other compensation of $73,382.39.  Petitioners also attached a
document to their 1998 joint return (petitioners' attachment to
their 1998 joint return) that contained statements, contentions,
and arguments that the Court finds to be frivolous and/or ground-
less.[3]

---

[1]All section references are to the Internal Revenue Code in
effect at all relevant times.  All Rule references are to the Tax
Court Rules of Practice and Procedure.

[2]Although the Court ordered petitioners to file a response
to respondent's motion, petitioners failed to do so.

[3]Petitioners' attachment to their 1998 joint return is very
similar to the documents that certain other taxpayers with cases
in the Court attached to their tax returns.  See, e.g., Copeland
(continued...)

On February 25, 2000, respondent issued to petitioners a notice of deficiency (notice) with respect to their taxable year 1998, which they received. In that notice, respondent determined a deficiency in, and an accuracy-related penalty under section 6662(a) on, petitioners' tax for their taxable year 1998 in the respective amounts of $11,540 and $2,158.32.

Petitioners did not file a petition in the Court with respect to the notice relating to their taxable year 1998.

On August 7, 2000, respondent assessed petitioners' tax, as well as a penalty and interest as provided by law, for their taxable year 1998. (We shall refer to any such unpaid assessed amounts, as well as interest as provided by law accrued after August 7, 2000, as petitioners' unpaid liability for 1998.)

On August 7, 2000, respondent issued to petitioners a notice of balance due with respect to petitioners' unpaid liability for 1998. On September 11, 2000, respondent issued a second notice of balance due with respect to that unpaid liability.

On July 3, 2001, respondent issued to petitioners a notice of Federal tax lien filing and your right to a hearing (notice of tax lien) with respect to their taxable year 1998. On or about August 1, 2001, in response to, inter alia, the notice of tax lien petitioners filed Form 12153, Request for a Collection Due

---

[3](...continued)
v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). In that form, petitioners stated that they intended to make an audio recording of their Appeals Office hearing. Petitioners attached a document to their Form 12153 (petitioners' attachment to Form 12153) that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[4]

On August 7, 2001, August 24, 2001, and September 5, 2001, respectively, respondent applied payments of $1,957.59, $1,884.97, and $1,803.94 to petitioners' account with respect to their taxable year 1998.

On May 15, 2002, respondent's Appeals officer (Appeals officer) held an Appeals Office hearing with petitioners with respect to the notice of tax lien. At the Appeals Office hearing, the Appeals officer gave petitioners Form 4340, Certificate of Assessments, Payments, and Other Specified Matters (Form 4340), with respect to their taxable year 1998.

On June 18, 2002, the Appeals Office issued to petitioners a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination). An attach-

---

[4]Petitioners' attachment to Form 12153 contained statements, contentions, arguments, and requests that are very similar to the statements, contentions, arguments, and requests contained in the attachments to Forms 12153 filed with the Internal Revenue Service by certain other taxpayers with cases in the Court. See, e.g., Flathers v. Commissioner, T.C. Memo. 2003-60.

ment to the notice of determination stated in pertinent part:

WHAT IS THE ISSUE?

You requested a hearing under the provisions of IRC 6320 to prevent the appropriate collection action. The only issue raised by you was to dispute the authority under which the Service has assessed tax and is attempting to collect the tax. You raised no non-frivolous issues at the hearings held.

Verification of Legal and Procedural Requirements

Notice and demand was issued by regular mail for the above year to your last known address, as required under IRC 6303. The Notice of Federal Tax Lien (Letter 3172) was sent to you by certified mail dated July 3, 2001. You responded timely with a request for a Collection Due Process Hearing so you are entitled to judicial review.

A certified transcript was requested, reviewed, and a copy was provided to you at the hearing held. Appeals Officer, Tony Aguiar has had no other involvement with this case in respect to this liability.

Issues Raised by the Taxpayer

You claim you did not receive a statutory notice and demand, or valid notice of deficiency for the 1998. [sic] Although you had income you filed Form 1040 for 1998 showing zero income. You attached two pages to the tax return disputing the authority of the Service to assess and collect income tax. You were sent a Statutory Notice of Deficiency on February 25, 2000, which gave you the opportunity to petition the United States Tax Court and raise issue with the amount owed. You chose not to petition the Tax Court. The Statutory Notice of Deficiency defaulted and the amount per the notice was assessed. The assessment is valid.

At the hearing, you stated you did not believe there was any authority for the Service to assess and collect income taxes. You believe voluntary means giving you a choice of whether or not to pay income tax. You did not raise any collection alternatives.
Balancing Efficient Collection

The requirements for all applicable laws and adminis-
trative procedures have been met.  The courts have
addressed the arguments presented.  You received all
required notices.  You were given the opportunity at
the hearing to arrange for payment of the liability but
neglected to do so.  You have neglected or refused to
pay.  The government should be allowed to proceed with
its proposed enforcement action, the lien.  Lacking
your cooperation, the proposed collection action bal-
ances the need for efficient collection with your
concern that any collection action be no more intrusive
than necessary.

On July 22, 2002, petitioners filed a petition with the
Court for review of respondent's notice of determination with
respect to petitioners' unpaid liability for 1998.  Except for an
argument under section 7521(a)(1), the petition contains state-
ments, contentions, arguments, and requests that the Court finds
to be frivolous and/or groundless.[5]  With respect to section
7521(a)(1), petitioners allege in the petition that the Appeals
Office refused to allow them to make an audio recording of the
Appeals Office hearing held on May 15, 2002, and that that
refusal was improper under that section.

### Discussion

The Court may grant summary judgment where there is no
genuine issue of material fact and a decision may be rendered as

---

[5]The frivolous and/or groundless statements, contentions,
arguments, and requests in petitioners' petition are very similar
to the frivolous and/or groundless statements, contentions,
arguments, and requests in petitions filed by certain other
taxpayers with cases in the Court.  See, e.g., Copeland v.
Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C.
Memo. 2003-45.

a matter of law.  Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion.  <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).

As was true of petitioners' attachment to their 1998 return and petitioners' attachment to Form 12153, petitioners' petition, except for an argument under section 7521(a)(1), contains statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.

We turn to petitioners' argument under section 7521(a)(1) that the refusal by the Appeals Office to permit petitioners to make an audio recording of the Appeals Office hearing held on May 15, 2002, was improper.  Throughout the period commencing with petitioners' filing their 1998 joint return with respondent and ending with their filing the petition with the Court, petitioners have made statements and requests and advanced contentions and arguments that the Court has found to be frivolous and/or groundless.  Consequently, even though we recently held in <u>Keene v. Commissioner</u>, 121 T.C. __ (2003), that section 7521(a)(1) re-

quires the Appeals Office to allow a taxpayer to make an audio recording of an Appeals Office hearing held pursuant to section 6330(b), we conclude that (1) it is not necessary and will not be productive to remand this case to the Appeals Office for another hearing under section 6320(b) in order to allow petitioners to make such an audio recording, see Lunsford v. Commissioner, 117 T.C. 183, 189 (2001), and (2) it is not necessary or appropriate to reject respondent's determination to proceed with the collection action as determined in the notice of determination with respect to petitioners' unpaid liability for 1998, see id.[6]

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined in the notice of determination with respect to petitioners' taxable year 1998.

In respondent's motion, respondent requests that the Court require petitioners to pay a penalty to the United States pursuant to section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or ground-

---

[6]See Kemper v. Commissioner, T.C. Memo. 2003-195.

less, sec. 6673(a)(1)(B).

In <u>Pierson v. Commissioner</u>, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty under section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions.

In the instant case, petitioners advance, we believe primarily for delay, frivolous and/or groundless contentions, arguments, and requests, thereby causing the Court to waste its limited resources. We shall impose a penalty on petitioners pursuant to section 6673(a)(1) in the amount of $1,600.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An order granting respondent's motion and decision will be entered for respondent</u>.