T.C. Memo. 2005-98


UNITED STATES TAX COURT


NICHOLAS & CARRIE COZZENS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 258-03L.               Filed May 4, 2005.


Nicholas and Carrie Cozzens, pro sese.

<u>Michelle M. Lippert</u>, for respondent.


MEMORANDUM OPINION


CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion for summary judgment (respondent's motion).[1]  We
shall grant respondent's motion.

_____

[1]Although the Court ordered petitioners to file a response
to respondent's motion, petitioners failed to do so.

## Background

The record establishes and/or the parties do not dispute the following.[2]

On or about March 17, 2000, petitioners filed a Federal income tax (tax) return for each of their taxable years 1998 (1998 return) and 1999 (1999 return). In their 1998 return, petitioners reported, inter alia, total income of $76,031, taxable income of $63,308, total tax of $12,671, and tax due of $5,031.54. Petitioners did not remit any payment with their 1998 return. In their 1999 return, petitioners reported, inter alia, total income of $70,589, taxable income of $57,447, total tax of $11,546, and tax due of $5,121.16. Petitioners did not remit any payment with their 1999 return.

On April 24, 2000, respondent assessed petitioners' tax as reported in each of their tax returns for 1998 and 1999, as well as additions to tax under sections 6651(a) and 6654(a)[3] and interest as provided by law for each of their taxable years 1998 and 1999. (We shall refer to any such unpaid assessed amounts, as well as interest as provided by law accrued after April 24, 2000, as petitioners' respective unpaid liabilities for 1998 and

---

[2]The record does not disclose petitioners' residence or mailing address at the time they filed the petition in this case.

[3]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

1999.)

On April 24, 2000, respondent issued to petitioners a notice of balance due with respect to petitioners' respective unpaid liabilities for 1998 and 1999. On October 8, 2001, respondent issued to petitioners another notice of balance due with respect to such unpaid liabilities.

On January 31, 2002, respondent issued to petitioners a notice of Federal tax lien filing and your right to a hearing (notice of tax lien) with respect to their taxable years 1998 and 1999.

On or about February 25, 2002, in response to the notice of tax lien, petitioners mailed Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). Petitioners attached a document to their Form 12153 (petitioners' attachment to Form 12153) that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or ground-less.[4]

By letter dated October 31, 2002 (October 31, 2002 letter), a settlement officer with respondent's Appeals Office (settlement

---

[4]Petitioners' attachment to Form 12153 contained statements, contentions, arguments, and requests that are very similar to the statements, contentions, arguments, and requests contained in the attachments to respective Forms 12153 filed with the Internal Revenue Service by certain other taxpayers who commenced proceedings in the Court. See, e.g., Guerrier v. Commissioner, T.C. Memo. 2002-3.

officer) informed petitioners that he had scheduled a hearing (Appeals Office hearing) with them on November 27, 2002, with respect to the notice of tax lien.

In response to the settlement officer's October 31, 2002 letter, petitioners' authorized representative sent a letter dated November 19, 2002 (November 19, 2002 letter) to the settlement officer. The November 19, 2002 letter stated in pertinent part:

> I am in receipt of your letters dated 10-31-02, and copies of those letters are attached as part of this letter.
>
> Also enclosed is a copy of the August 8, 2002 letter I sent the IRS concerning the various issues relating to the denial of my client's right to record the hearing, as authorized by 26 USC §7521(a) * * *.
>
>   *       *       *       *       *       *       *
>
> In addition, in my August 8, 2002, letter, I demanded that the IRS appeals officer conducting the hearing and issuing the decision provide me with a copy of his pocket commission and a copy of the delegation of authority from the Secretary of the Treasury authorizing him to conduct the hearing and issue the decision. You have not provided me with those documents.
>
>   *       *       *       *       *       *       *
>
> In view of these facts, then, my clients have authorized me to advise you that they will not attend the "hearing" you propose to conduct on November 27, 2002 in Cincinnati, Ohio.
>
> However, you are hereby instructed to consider, in your deliberations concerning the issues raised by my clients all of the papers which have been submitted to date concerning these matters, including the August 8, 2002 letter, the February 25, 2002 letter which instituted the appeal, the June 17, 2002 letter, and the

July 24, 2002 letter.

     *       *       *       *       *       *       *

Since the IRS refuses to comply with the clear requirements of the law and the orders of the Federal District Court, we have no choice but to take these actions. My clients have nothing to compromise or adjust: they do not owe the taxes and penalties at issue because no law makes them liable for them, as noted in our earlier letters.

Petitioners refused to attend the Appeals Office hearing that the settlement officer had scheduled on November 27, 2002. However, the settlement officer exchanged correspondence with petitioners and/or their authorized representative and had telephonic discussions with them. On December 6, 2002, based upon such correspondence and discussions as well as, inter alia, certain other information, including petitioners' 1998 return and 1999 return, the notice of tax lien, petitioners' Form 12153, petitioners' attachment to Form 12153, and respondent's Form 4340, Certification of Assessment and Payments, for each of their taxable years 1998 and 1999, the Appeals Office issued to petitioners a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination). That notice stated in pertinent part:

> The determination of Appeals is that the filed Notice of Federal Tax Lien was an appropriate collection action. Before you decide whether to petition this notice of determination, you should know that the Courts are empowered to impose monetary sanctions up to $25,000 for instituting or maintaining an action before it primarily for delay or for taking a position that is frivolous or groundless. Pierson v. Commissioner, 115

T.C. No. 576 (2000).  It is our view that the positions you have taken have no merit and are groundless.

An attachment to the notice of determination stated in pertinent part:

### SUMMARY AND RECOMMENDATION

    *       *       *       *       *       *       *

**Are the taxpayers entitled to relief under IRC § 6320 from the filed Notice of Lien?**

No, the taxpayers did not provide any justification for withdrawal, nor offer any collection alternatives.

### BRIEF BACKGROUND

The income tax return for 1998 was filed under filing status Married Filing Joint.  The return was signed and dated on 03/17/2000 by both taxpayers.  The return showed a balance due of $ 5,031.54 at the time of filing.  The tax was the result of insufficient with-holding and failure to make estimated tax payments.

The income tax return for 1999 was filed under filing status Married Filing Joint.  The return was signed and dated on 03/17/2000 by both taxpayers.  The return showed a balance due of $ 5,121.16 at the time of filing.  The tax was the result of insufficient with-holding and failure to make estimated tax payments.

On 01/09/2002, the taxpayers called Internal Revenue to ask for an installment agreement.  The request was for the years 12/1996, 12/1997, 12/1998, 12/1999 and 12/2000.

IRS responded on 01/18/2002 by establishing an agree-ment for $ 400 per month.

The taxpayers defaulted on their agreement and on 06/24/2002; the Internal Revenue gave formal notice of intent to terminate the agreement.

## DISCUSSION AND ANALYSIS

**1. Verification of legal and procedural requirements**

**Liens:**

IRC § 6321 provides for a statutory lien when a taxpayer neglects or refuses to pay after notice and demand. To be made choate, and valid against third parties, a notice of lien must be recorded in the proper place for filing.

- Transcripts show that the taxes remain unpaid and a notice was recorded.

IRC § 6320 requires IRS to give notice to a taxpayer in writing, within 5-days after filing a notice of lien, of the taxpayer's right to request a hearing before an Appeals Officer. The request is timely if made during the 30-days following the end of the 5-day notification period.

Transcripts show a notice was issued and the taxpayer's request for a hearing was timely.

Therefore, the Office of Appeals will affirm that:

- Under IRC § 6330(b)(3), this settlement officer has had no prior involvement with respect to the unpaid tax.

- Under IRC § 6330(c)(1) the requirements of any applicable law or administrative procedures have been met.

**2. What were the Issues raised by the taxpayer?**

The Hearing

The taxpayers are represented by Jerry Jewett.

A face-to-face hearing was scheduled for 11/27/02. In a letter of 11/19/2002, the representative stated the taxpayers would not attend the hearing nor was there a request for a rescheduled hearing; therefore, no hearing was held.

The issues discussed below are those presented Form 12153, Request for a Collection Due Process Hearing.

<u>Issue number one</u>

The taxpayers did not agree with the filed Notice of Federal Tax Lien. Their stated reason:

.... the IRS has not complied with applicable laws and administrative procedures, the collection procedures are inappropriate and illegal, and Mr. and Mrs. Cozzens have no liability for the taxes and penalties at issue.

<u>My Comments</u>

Notice and Demand was [sic] made on 04/24/2000 for both balance due periods at issue. The taxes remained unpaid; subsequently, a Notice of Federal Tax Lien was recorded on 02/07/2002 and the taxpayers notified of their right to a hearing.

Administrative procedures were followed and the tax liabilities remain unpaid.

Furthermore, IRC § 6323(j) gives the Internal Revenue the authority to withdraw a Notice of Federal Tax Lien under * * * [certain] circumstances * * *

 *     *     *     *     *     *     *

The taxpayers do not meet any of the criteria described in IRC § 6323(j), nor did they offer any relevant reason why the lien should be withdrawn.

**There were no other issues raised by the taxpayer.**

> **3. Has the need for efficient tax collection been balanced with taxpayer's concern that the proposed collection action be no more intrusive than necessary?**

IRC § 6330 requires that the Office of Appeals consider whether any collection action balances the need for efficient collection of taxes with the taxpayers' legitimate concern that any collection be no more intrusive than necessary.

Our determination is to deny relief, and sustain the

filed Notice of Federal Tax Lien.  This determination
was made because the taxpayers failed to raise any
relevant issue, offer a collection alternative, or
present any reason to justify withdrawal.  Therefore,
the determination by Appeals balances the need for
efficient collection of taxes with the taxpayer's
legitimate concern that any collection action be no
more in [sic] intrusive than necessary.

In response to the notice of determination, petitioners
filed with the Court a petition with attachments that we consider
to be part of the petition.  Except for an argument under section
7521(a)(1), the petition and the attachments thereto contained
statements, contentions, arguments, and requests that the Court
finds to be frivolous and/or groundless.[5]  With respect to sec-
tion 7521(a)(1), petitioners alleged that the Appeals Office
refused to allow them to make an audio recording of the Appeals
Office hearing that the settlement officer had scheduled on
November 27, 2002, and that that refusal was improper under that
section.

## Discussion

The Court may grant summary judgment where there is no
genuine issue of material fact and a decision may be rendered as
a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner,

---

[5]The frivolous and/or groundless statements, contentions,
arguments, and requests in petitioners' petition and the attach-
ments to that petition are very similar to the frivolous and/or
groundless statements, contentions, arguments, and requests in
the respective petitions filed with the Court by certain other
taxpayers.  See, e.g., Guerrier v. Commissioner, T.C. Memo. 2002-
3.

98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

A taxpayer may raise challenges to the existence or the amount of the taxpayer's underlying liability if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). Where the validity of the underlying tax liability is properly placed at issue, the Court will review the matter on a de novo basis. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of the Internal Revenue for abuse of discretion. Sego v. Commissioner, supra; Goza v. Commissioner, supra at 182.

Respondent based the assessment with respect to each of petitioners' taxable years 1998 and 1999 on the total tax shown in petitioners' return for each such year. In the notice of determination, the Appeals Office concluded that petitioners took positions that "have no merit and are groundless." Petitioners do not claim here that the amount of tax reported in their return for each of their taxable years 1998 and 1999 is not correct. Instead, they advance statements, contentions, arguments, and requests in the petition and the attachments to that petition

that we have found to be frivolous and/or groundless.

We turn now to petitioners' argument under section 7521(a)(1) that the refusal by the Appeals Office to permit petitioners to make an audio recording of the Appeals Office hearing that the settlement officer scheduled on November 27, 2002, was improper.  Before they filed the petition in this case, petitioners made statements and requests and advanced contentions and arguments that the Court has found to be frivolous and/or groundless.  In the petition and the attachments thereto, petitioners persisted in advancing such frivolous and/or groundless statements, contentions, arguments, and requests.  Consequently, even though we held in Keene v. Commissioner, 121 T.C. 8, 19 (2003), that section 7521(a)(1) requires the Appeals Office to allow a taxpayer to make an audio recording of an Appeals Office hearing under section 6330(b), we conclude that (1) it is not necessary and will not be productive to remand this case to the Appeals Office for a hearing under section 6320(b) in order to allow petitioners to make such an audio recording, see Lunsford v. Commissioner, 117 T.C. 183, 189 (2001), and (2) it is not necessary or appropriate to reject respondent's determinations to proceed with the collection action as determined in the notice of determination with respect to petitioners' respective unpaid

liabilities for 1998 and 1999, see id.[6]

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined in the notice of determination with respect to petitioners' taxable years 1998 and 1999.

Although respondent does not ask the Court to impose a penalty on petitioners under section 6673(a)(1), we now consider sua sponte whether the Court should impose a penalty on petitioners under that section. Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears that a taxpayer instituted or maintained a proceeding in the Court primarily for delay or that a taxpayer's position in such a proceeding is frivolous or groundless.

Although we shall not impose a penalty under section 6673(a)(1) on petitioners in the instant case, we caution them that they may be subject to such a penalty if in the future they institute or maintain a proceeding in this Court primarily for delay and/or their position in any such proceeding is frivolous or groundless. See Abrams v. Commissioner, 82 T.C. 403, 409-413 (1984); White v. Commissioner, 72 T.C. 1126, 1135-1136 (1979).

We have considered all of petitioners' statements, conten-

---

[6]See Kemper v. Commissioner, T.C. Memo. 2003-195.

tions, arguments, and requests that are not discussed herein, and, to the extent we have not found them to be frivolous and/or groundless, we find them to be without merit and/or irrelevant.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An order granting respondent's motion and an appropriate decision will be entered</u>.