T.C. Summary Opinion 2004-155


UNITED STATES TAX COURT


LAURA A. GAVIGAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13779-03S.              Filed November 10, 2004.


Laura A. Gavigan, pro se.

Luanne S. Di Mauro, for respondent.


WOLFE, Special Trial Judge: This matter is before the Court on respondent's motion for summary judgment and to impose a penalty under section 6673 (motion).[1] It was heard pursuant to the provisions of section 7463. The decision to be entered is

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

not reviewable by any other court, and this opinion should not be cited as authority.

Petitioner filed a petition for judicial review of respondent's determination to proceed with a proposed levy following a collection due process hearing (CDP hearing) under section 6330(d). The issues for decision are: (1) Whether respondent's determination to proceed with collection action was an abuse of discretion, and (2) whether the Court should impose a penalty under section 6673.

## Background

When she filed her petition, petitioner was a resident of Middletown, Connecticut.

Petitioner submitted a document purporting to be a joint Federal income tax return for 1996 with her husband, Dennis Gavigan (Mr. Gavigan). On this document they reported no taxable income and an income tax liability of zero.[2] Following an examination of the purported tax return for 1996, and information submitted by other persons, respondent determined that petitioner and Mr. Gavigan earned taxable wages of $33,880 and received taxable interest payments of $57.50.

---

[2] Petitioner's purported joint 1996 Federal income tax return was not introduced as part of the record in this case. Petitioner does not dispute that she submitted a return showing no income and no tax liability.

On August 22, 2001, respondent issued to petitioner a notice of deficiency for 1996. Petitioner did not file a petition for judicial review with this Court.[3]

On July 12, 2002, respondent issued to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing (final notice). On August 6, 2002, petitioner responded to the final notice by filing a Form 12153, Request for a Collection Due Process Hearing.

Petitioner attached a nine-page memorandum to the Form 12153, in which she sets forth frivolous and groundless arguments regarding the Federal income tax system: E.g., "it is my contention that no law authorizes the Secretary (let alone any IRS agent) to determine that I owe more in income taxes than the 'zero' I reported on any income tax return"; "In addition, * * * I am not disputing the 'amount' of the alleged tax 'liability', but the very 'existence' of an income tax 'liability' as a matter of law".[4] Petitioner also requested that respondent produce

---

[3] Petitioner wrote letters to several officials of the Internal Revenue Service and the Department of Treasury, claiming that the Government was engaged in an "illegal enforcement action" because income taxes were "totally voluntary, and not mandatory" and that her notice of deficiency was invalid because it was not sent directly by the Secretary of the Treasury.

[4] Petitioner's shop-worn and universally rejected frivolous arguments regarding the legitimacy of the Federal income tax system warrant no further comment. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation
(continued...)

various documents including "verification from the Secretary that the requirements of applicable law or administrative procedure have been met".

Petitioner's case was assigned to a settlement officer (the settlement officer) with respondent's Appeals Office in New Haven, Connecticut.  By correspondence dated December 22, 2002, petitioner notified respondent that she wanted to audio record her upcoming CDP hearing.  By letter dated April 23, 2003, the settlement officer informed petitioner that she would not be allowed to make an audio or stenographic recording of her CDP hearing and warned petitioner that "sanctions can and have been imposed by the courts for frivolous arguments (Ref: Peirson v. Commissioner and Davis v. Commissioner)".  The settlement officer attached to the letter a copy of petitioner's Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, and informed petitioner that the other documents she requested could be obtained under the Freedom of Information Act, 5 U.S.C. sec. 552 (2000).

The settlement officer asked petitioner to submit a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, for purposes of evaluating her financial condition and eligibility for collection alternatives.

---

[4](...continued)
of precedent; to do so might suggest that these arguments have some colorable merit.")

Petitioner did not submit financial information on a Form 433-A, stating: "With regard to Appeals considering collection alternatives, this will not be necessary.  I elect to make payment in full if a determination which is based upon requirements of law and administrative procedure shows that an amount is due and owed".

On May 13, 2003, petitioner attended a scheduled face-to-face meeting with the settlement officer.  At the hearing, petitioner requested that she be permitted to audio record her hearing.  Her request was denied.

On July 9, 2003, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 (notice of determination).  In the notice of determination, the settlement officer determined that it was appropriate for respondent to proceed with the proposed levy to collect petitioner's tax liability.  In regard to issues discussed at the hearing, the settlement officer wrote:

> You stated, at the hearing, that you know of no section of the Internal Revenue Code, which requires you to pay the tax.  You also state that, despite admitted gross income in 1996 no authority is authorized to assess you.  A discussion of Internal Revenue Code Sections 1, 61 and 63 took place at the hearing. * * *
>
>      *     *     *     *     *     *     *
>
> No valid issues were raised.  Throughout this proceeding you disputed the legal basis and procedures relating to the 1996 obligation.  You have not taken a significant or positive step to resolve the 1996 delinquency.  Your issues are without foundation.  No

alternatives to the Levy action have been proposed.  No
other issues concerning this matter have been raised.

Respondent further noted that petitioner was not in compliance
with her return filing requirements for subsequent years and
therefore would not be eligible for a collection alternative even
had she proposed one.

Upon receiving the notice of determination, petitioner filed
a petition with this Court pursuant to section 6330(d).  In her
petition she claimed that she was not provided with a fair CDP
hearing because:  (1) She was not permitted to audio record her
CDP hearing; (2) the officer was not impartial; (3) the officer
did not provide verification that the requirements of applicable
law or administrative procedure were met; and (4) she was denied
her right to raise "any relevant issue relating to the proposed
levy."

                          Discussion

Summary judgment is intended to expedite litigation and
avoid unnecessary and expensive trials.  Fla. Peach Corp. v.
Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be
granted with respect to all or any part of the legal issues in
controversy "if the pleadings, answers to interrogatories,
depositions, admissions, and any other acceptable materials,
together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that a decision may be
rendered as a matter of law."  Rule 121(b); see Sundstrand Corp.

v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

For reasons set forth below, we conclude that as to all the issues presented in respondent's motion, there are no issues of material fact, and a decision may be rendered as a matter of law.

Section 6330 - Due Process for Collections

A. General Rules

Section 6330 entitles a taxpayer to notice and an opportunity for a hearing before certain lien and levy actions are taken by the Commissioner in the process of collecting unpaid Federal taxes. Upon request, a taxpayer is entitled to a "fair hearing" conducted by an impartial officer from the Office of Appeals. Sec. 6330(b)(1), (3). At the hearing, the officer is required to: (1) Obtain verification from the Secretary that the requirements of applicable law and administrative procedure have been met; (2) consider any relevant issue raised by the taxpayer related to the unpaid tax or proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives; and (3) consider whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. Sec. 6330(c). If a taxpayer received a statutory

notice of deficiency for the year in issue or otherwise had an opportunity to dispute the underlying tax liability, he or she is precluded from challenging the existence or amount of the underlying tax liability at the hearing. Sec. 6330(c)(2)(B).

This Court has jurisdiction to review the Commissioner's administrative determination under section 6330(d). If the underlying tax liability is properly at issue, we review that issue de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181 (2000). If the validity of the underlying tax liability is not at issue, we review the determination for abuse of discretion. Sego v. Commissioner, supra at 610. An abuse of discretion occurs when an officer takes action that is arbitrary, capricious, or without sound basis in fact or law. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Since petitioner received a statutory notice of deficiency for 1996, the underlying tax liability is not at issue in this case, and we review respondent's determination to proceed with the proposed levy for an abuse of discretion as to matters raised in the petition.

B. Petitioner's Right To Audio Record Her CDP Hearing

Following this Court's opinion in Keene v. Commissioner, 121 T.C. 8, 19 (2003), decided on July 8, 2003, a taxpayer has the right under section 7521(a)(1) to audio record his or her CDP

hearing.  Sec. 7521(a)(1).  In situations where an administrative hearing took place prior to our opinion in Keene v. Commissioner, supra, we remand a case to the Appeals Office for further review only if it is necessary and productive to do so.  Keene v. Commissioner, supra at 19; Frey v. Commissioner, T.C. Memo. 2004-87; Durrenberger v. Commissioner, T.C. Memo. 2004-44; Brashear v. Commissioner, T.C. Memo. 2003-196; Kemper v. Commissioner, T.C. Memo. 2003-195.  We have consistently held that a taxpayer's reliance on frivolous or groundless arguments falls short of the necessary or productive standard for remand.  See, e.g., Johnston v. Commissioner, T.C. Memo. 2004-224; Frey v. Commissioner, supra; Kemper v. Commissioner, supra.

The administrative record in the present case indicates that although petitioner was provided with an opportunity to discuss relevant issues relating to the collection of her unpaid tax liability, she declined to do so.  She did not propose any collection alternatives or challenge the appropriateness of the proposed levy, and she continued to advance frivolous and groundless arguments about the Federal income tax system.

At no point in her dealings with respondent's Appeals Office or with this Court did petitioner raise any legitimate issue involving the collection of her tax liability.  The record in this case shows that no necessary or productive purpose would be

served by remanding this case for further hearing, and we so hold.

C.  <u>Impartial Officer</u>

Section 6330(b)(3) provides that a taxpayer is entitled to a CDP hearing conducted by an officer who has had no prior involvement with respect to the taxpayer's unpaid tax liability. Prior involvement includes participation or involvement in an Appeals hearing (other than a CDP hearing) that the taxpayer may have had with respect to the tax and tax periods shown on the CDP notice.  Sec. 301.6330-1(d)(2), Q&A-D4, Proced. & Admin. Regs.

Petitioner's claim that the settlement officer was not an impartial officer was summarized in the notice of determination as follows:  "Despite requests for additional financial information to construct alternatives to the proposed collection action the data has not been supplied.  You indicated that by making such a request in the correspondence of April 23, 2003, the settlement officer was not impartial".  Petitioner's argument is completely baseless.  The administrative record clearly shows that the settlement officer was not involved with petitioner's 1996 tax liability until he was assigned to her CDP hearing.  His April 23, 2003, letter to petitioner is part of the administrative record from petitioner's CDP hearing and does not represent a prior involvement with the taxpayer's unpaid tax liability.

D.  Verification That Requirements of Applicable Law or Administrative Procedure Have Been Met

At the CDP hearing, the officer must obtain verification from the Secretary that the "requirements of any applicable law or administrative procedure have been met".  Sec. 6330(c)(1). This verification requirement may be satisfied through Forms 4340 or transcripts of account.  Nestor v. Commissioner, 118 T.C. 162, 166 (2002); Davis v. Commissioner, 115 T.C. 35, 41 (2000).  The officer is required only to obtain such verification before issuing a determination and is not required to provide a copy to a taxpayer.  Nestor v. Commissioner, supra at 166-167.

In the present case, the settlement officer not only obtained a copy of petitioner's Form 4340, but provided a copy of the Form 4340 to petitioner both prior to and at their face-to-face meeting.  Accordingly, there was no abuse of discretion in regard to whether the settlement officer verified that the requirements of any applicable law or administrative procedure were met prior to issuing a determination in petitioner's case.

E.  Relevant Issues at a CDP Hearing

A taxpayer may generally raise any relevant issue relating to his or her unpaid tax liability or to the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives.  Sec. 6330(c)(2)(A).  Where a taxpayer received a statutory notice of deficiency, he or she is precluded from

raising the underlying tax liability as an issue.  Sec. 6330(c)(2)(B).

Petitioner claims that she was denied her right to raise relevant issues.  The administrative record does not support her claims.  Although petitioner received a statutory notice of deficiency for 1996, she was permitted to discuss her underlying liability at her CDP hearing.  She continued to make frivolous arguments about the legality of Federal income taxes, and she refused to discuss alternatives to the collection of her unpaid tax liability.  Accordingly, there was no abuse of discretion in regard to whether petitioner was allowed to raise relevant issues at her CDP hearing.

Section 6673 Penalty

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceedings or instituted the proceedings primarily for delay.  A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Gilligan v. Commissioner, T.C. Memo. 2004-194.  We have consistently imposed section 6673 penalties in lien and levy review cases where the taxpayer has raised frivolous and groundless arguments as to the validity of our Federal income tax

system.   See <u>Hamzik v. Commissioner</u>, T.C. Memo. 2004-223; <u>Gilligan v. Commissioner</u>, T.C. Memo. 2004-194.

In the present case, respondent requested that the Court impose a penalty pursuant to section 6673(a)(1).  By taking frivolous and groundless positions regarding the Federal income tax system, some of which have been summarized above, petitioner abused the protections afforded under section 6330.  Petitioner was warned by the Appeals Office that sanctions could result if she continued to make frivolous and groundless arguments. Petitioner continued to do so, and in petitioning this Court for review, she has wasted the limited resources of this Court. Accordingly, we shall impose a penalty pursuant to section 6673(a)(1) in the amount of $2,000.

On the record before us, we shall grant respondent's motion.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>An order granting</u>

<u>respondent's motion and</u>

<u>decision for respondent</u>

<u>will be entered</u>.