T.C. Memo. 2005-186

UNITED STATES TAX COURT

JOHN J. DELGADO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14675-04L.                    Filed July 26, 2005.

John J. Delgado, pro se.

<u>Monica J. Miller</u> and <u>Robert W. Dillard</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioner
seeks review of respondent's determination regarding collection
of his 1998, 1999, and 2000 income tax liabilities.

_____

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Altamonte Springs, Florida.

Petitioner submitted to the Internal Revenue Service Forms 1040A, U.S. Individual Income Tax Return, for 1998, 1999, and 2000. The Forms 1040A for 1998, 1999, and 2000 listed zeros for, among other things, the amount of petitioner's income, adjusted gross income, taxable income, tax, total tax, and amount owed. Attached to these Forms 1040A were frivolous and groundless arguments about why petitioner was not liable to pay tax. Respondent mailed petitioner statutory notices of deficiency for 1998, 1999, and 2000 on May 2, 2002, February 15, 2002, and February 15, 2002, respectively. Petitioner received the statutory notices of deficiency for 1998, 1999, and 2000. Petitioner responded to each notice of deficiency with frivolous and groundless arguments. Petitioner, however, did not petition the Court regarding the statutory notices of deficiency for 1998, 1999, and 2000.

On September 30, 2002, February 17, 2003, and December 23, 2002, respondent assessed petitioner's liabilities and mailed petitioner notice and demand for payment for 1998, 1999, and 2000, respectively.

On February 4, 2004, respondent sent petitioner a final notice--notice of intent to levy and notice of your right to a hearing regarding petitioner's 1998, 1999, and 2000 tax years (notice of levy).

On or about March 7, 2004, respondent received a Form 12153, Request for a Collection Due Process Hearing, regarding petitioner's 1998, 1999, and 2000 tax years (hearing request). The hearing request was postmarked February 27, 2004, and respondent treated it as received timely. In the hearing request, petitioner checked the box for notice of levy/seizure and in the space to explain why he did not agree he wrote: "Not Liable."

On June 15, 2004, Settlement Officer J. Feist, from respondent's Tampa Appeals Office, mailed petitioner a letter that scheduled a section 6330 hearing for June 24, 2004. Settlement Officer Feist gave petitioner transcripts of his account for the years in issue and offered petitioner an opportunity for a face-to-face section 6330 hearing. In light of the fact that petitioner raised frivolous arguments in the past, however, Settlement Officer Feist instructed petitioner to write by June 22, 2004, specific relevant issues before he would grant a face-to-face section 6330 hearing. At that time, Settlement Officer Feist also provided petitioner with a document entitled "The Truth About Frivolous Tax Arguments" and a link to an IRS

website containing this document.[2]  Settlement Officer Feist also advised petitioner that he could not dispute his underlying liabilities for the years in issue because he received notices of deficiency for the years in issue.

On June 18, 2004, petitioner called Settlement Officer Feist.  Petitioner and Settlement Officer Feist agreed to postpone the section 6330 hearing until July 8, 2004.  During the telephone call of June 18, 2004, petitioner requested a face-to-face section 6330 hearing and to record the section 6330 hearing. Settlement Officer Feist again noted petitioner's previous frivolous arguments, but left open the possibility for a face-to-face and recorded section 6330 hearing if petitioner would provide him with relevant issues he wished to discuss.

On or about June 21, 2004, respondent received a fax from petitioner.  In the fax, petitioner acknowledged the June 22, 2004, deadline for submission of relevant issues and stated that he intended to have a face-to-face section 6330 hearing, bring witnesses, and record the section 6330 hearing with a court reporter and tape recorder.

---

[2]  This document concludes with six pages devoted to penalties for pursuing frivolous tax arguments including citation to sec. 6673 and citation to and discussion of numerous cases, including sec. 6330 collection cases and other cases, where the Court has imposed penalties on taxpayers for advancing frivolous arguments.

On July 2, 2004, Settlement Officer Feist called petitioner because he had received a letter dated June 28, 2004, from petitioner requesting feedback on the fax. As of July 2, 2004, Settlement Officer Feist had not received from petitioner any listing of relevant issues that petitioner wished to discuss at the section 6330 hearing. During the call on that date petitioner stated that he was out of town without access to his files and he would call Settlement Officer Feist on July 6, 2004, with the relevant issues he wished to discuss. Settlement Officer Feist offered petitioner the opportunity for a correspondence or telephonic section 6330 hearing on July 8, 2004, as petitioner had not provided him with any relevant issues to discuss at the section 6330 hearing.

On July 7, 2004, Settlement Officer Feist received two phone messages and a fax from petitioner. Petitioner raised issues regarding respondent's notices' not having the force and effect of law and respondent's authority to send notices to him. That same day, Settlement Officer Feist telephoned petitioner about his aforementioned arguments and informed petitioner that all laws and administrative procedures had been complied with. Petitioner's response was a frivolous argument, and Settlement Officer Feist noted to petitioner that his argument was addressed on page 42 of "The Truth About Frivolous Tax Arguments" that he had provided to petitioner. Settlement Officer Feist denied

petitioner's request for a face-to-face and recorded section 6330 hearing, but he suggested that petitioner could and should submit collection alternatives to him at the scheduled hearing time.

On July 8, 2004, Settlement Officer Feist called petitioner to conduct a telephonic section 6330 hearing. During the section 6330 hearing, Settlement Officer Feist offered petitioner the opportunity to raise relevant issues. Petitioner raised additional frivolous arguments, including one answered on page 36 of "The Truth About Frivolous Tax Arguments." Petitioner chose not to offer a collection alternative. Petitioner insisted on a face-to-face and recorded section 6330 hearing.

On July 12, 2004, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 to petitioner regarding his 1998, 1999, and 2000 tax years (notice of determination). In the notice of determination, respondent determined that the filing of the notice of levy should not be withdrawn.

As of July 15, 2004, petitioner's unpaid liabilities for 1998, 1999, and 2000 were $2,041.57, $22,257.87, and $51,510.14, respectively.

In the petition, petitioner's only assignment of error was that respondent did not allow or provide him a face-to-face section 6330 hearing pursuant to the regulations under section

6330, and that this also denied him the right to record the section 6330 hearing.

The only issues that petitioner would raise, or would have raised, if provided a face-to-face section 6330 hearing are frivolous and groundless issues and arguments--e.g., that the Commissioner had no authority to assess tax, that there is no definition of an income tax or income, that there is no provision in the Internal Revenue Code that makes him liable to pay taxes or file returns, and that he wanted Settlement Officer Feist to show him where in the Internal Revenue Code it provides that he (petitioner) is liable to file returns--and he wanted to dispute the amount of his underlying tax liability.[3]

## OPINION

When the Commissioner issues a determination regarding a disputed collection action, section 6330(d) permits a taxpayer to seek judicial review with the Tax Court or a U.S. District Court, as is appropriate.  If the underlying tax liability is properly at issue, we review that issue de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181 (2000).  If the validity of the underlying tax liability is not at issue, we review the Commissioner's determination for abuse of discretion.  Sego v. Commissioner, supra at 610.

---

[3]  We note that until trial, and initially at trial, petitioner refused to state what issues he would raise, or would have raised, at a face-to-face sec. 6330 hearing.

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection. Id. at 609; Goza v. Commissioner, supra at 180. If a taxpayer received a statutory notice of deficiency for the years in issue or otherwise had the opportunity to dispute the underlying tax liability, the taxpayer is precluded from challenging the existence or amount of the underlying tax liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183.

A section 6330 hearing "may, but is not required to, consist of a face-to-face meeting." Sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. If a taxpayer wants a face-to-face section 6330 hearing, the taxpayer must be offered an opportunity for such a section 6330 hearing at the Appeals office closest to the taxpayer's residence. Sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs.

Although respondent denied petitioner a face-to-face section 6330 hearing and the right to record the section 6330 hearing, we conclude that it is not necessary and will not be productive to remand this case to the Appeals Office for a face-to-face section 6330 hearing in order to allow petitioner to make his frivolous

arguments or to record the section 6330 hearing.  See <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001); see also <u>Kemper v. Commissioner</u>, T.C. Memo. 2003-195.  Furthermore, we need not remand this case so respondent can consider petitioner's challenge to his underlying liabilities as petitioner is precluded from challenging his underlying liabilities for the years in issue because he received notices of deficiency for the years in issue.  Sec. 6330(c)(2)(B); <u>Sego v. Commissioner</u>, <u>supra</u> at 610-611; <u>Goza v. Commissioner</u>, <u>supra</u> at 182-183.

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection.  These issues are now deemed conceded.  See Rule 331(b)(4).

After examination of the entire record before us, we conclude that respondent did not abuse his discretion in determining to proceed with the collection action as determined in the notices of determination with respect to petitioner's unpaid liabilities for taxable years 1998, 1999, and 2000.

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous or groundless positions in the proceedings or instituted the proceedings primarily for delay.  A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a

reasoned, colorable argument for change in the law." <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986); see also <u>Hansen v. Commissioner</u>, 820 F.2d 1464, 1470 (9th Cir. 1987) (section 6673 penalty upheld because taxpayer should have known claim was frivolous).

Petitioner has advanced shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by this and other courts. <u>Wilcox v. Commissioner</u>, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; <u>Carter v. Commissioner</u>, 784 F.2d 1006, 1009 (9th Cir. 1986). We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984).

We conclude that petitioner's position was frivolous and groundless and that petitioner instituted and maintained these proceedings primarily for delay. We take this opportunity to warn petitioner that the Court will impose a penalty pursuant to section 6673 if he returns to the Court and proceeds in a similar fashion in the future.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.