**Harold E. CALL, Petitioner–Appellant,**

v.

**COMMISSIONER of INTERNAL REVENUE, Respondent–Appellee.**

**No. 06–70431.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 30, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Harold E. Call, Las Vegas, NV, pro se.

Robert R. Di Trolio, Donald L. Korb, Acting Chief Counsel, Internal Revenue Service, Richard Farber, Esq., Eileen J. O'Connor, Esq., Karen G. Gregory, Esq., U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, for Respondent–Appellee.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

### MEMORANDUM **

Harold E. Call appeals pro se from the tax court's decision, entered after trial, permitting the Commissioner of Internal Revenue ("Commissioner") to proceed with an action to collect Call's 1998 and 1999 federal income tax liabilities. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review the tax court's legal conclusions de novo and its findings of fact for clear error, *Charlotte's Office Boutique v. Comm'r*, 425 F.3d 1203, 1211 (9th Cir. 2005), and we affirm.

The tax court properly sustained the collection action based on the Forms 4340 for the years in question. *See Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992). We find unpersuasive Call's contention that he was improperly denied the opportunity to record his collection due process hearing under 26 U.S.C. § 7521(a). *See Kemper v. Comm'r*, 86 T.C.M. 12, 16 (2003) (permitting remand under section 7521 unless remand serves no useful purpose because a petitioner's remaining contentions are frivolous). The tax court properly concluded that remand was unnecessary because, after it denied the

Commissioner's motion for summary judgment and gave Call the opportunity to raise a non-frivolous issue at trial, Call reasserted the issues already characterized as frivolous in the tax court's prior order, and then claimed he did not receive the notice of federal tax lien, despite his stipulation to the contrary. *See id.*

The tax court did not abuse its discretion in imposing sanctions against Call pursuant to 26 U.S.C. § 6673 where he was warned that sanctions might be imposed if he reasserted arguments squarely rejected by this court. *See Wolf v. Commissioner*, 4 F.3d 709, 716 (9th Cir.1993) (approving sanctions where taxpayers had been warned they could face sanctions for frivolous litigation).

Call's remaining contentions are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.