T.C. Memo. 2007-266

UNITED STATES TAX COURT

M. KENNETH CREAMER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17116-06L.                    Filed September 5, 2007.

M. Kenneth Creamer, pro se.

<u>Jennifer S. McGinty</u>, for respondent.


MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This matter is before the Court on respondent's motion for summary judgment and to impose a penalty under section 6673(a)(1).[1]

---

[1]All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

This is an appeal from respondent's determination upholding the proposed use of a levy to collect petitioner's unpaid Federal income tax liabilities for 1991 through 1998 and 2002. Petitioner resided in Endicott, New York, when the petition in this case was filed.

Petitioner failed to file Federal income tax returns for 1991 through 1998 and 2002. Under section 6020(b), respondent prepared a substitute for return for each of the above years. On September 14, 2004, respondent mailed petitioner a statutory notice of deficiency for 2002, and on September 24, 2001, respondent mailed petitioner a statutory notice of deficiency for 1991 through 1998. In the notices of deficiency, respondent determined petitioner was liable for income tax deficiencies and additions to tax for 1991 through 1998 and 2002.

Petitioner failed to petition this Court in response to the above-mentioned notices of deficiency. On February 4, 2002, respondent assessed the tax liabilities, additions to tax, and interest for 1991 and 1992; on April 15, 2002, respondent assessed the tax liabilities, additions to tax, and interest for 1993 through 1998; and on February 7, 2005, respondent assessed the tax liabilities, additions to tax, and interest for 2002. Respondent sent petitioner Notice and Demand with respect to each of the assessed and unpaid liabilities.

On April 26, 2006, respondent issued to petitioner a Final Notice of Intent To Levy and Notice of Your Right to a Hearing for 1991 through 1997 and 2002, and on May 11, 2006, respondent issued to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing for 1998. Respondent also issued to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. Petitioner timely requested a hearing under section 6330 regarding the proposed levy. Petitioner did not timely request a hearing under section 6320 in response to respondent's notice of lien filing. Respondent, however, offered petitioner an equivalent hearing under section 301.6320-1(i), Proced. & Admin. Regs.,[2] with regard to the notice of tax lien filing.

On June 27, 2006, Appeals Settlement Officer Michael Smith (Settlement Officer Smith) mailed petitioner a letter acknowledging receipt of petitioner's request for a hearing under section 6330. In the letter, Settlement Officer Smith scheduled a telephone conference with petitioner to discuss petitioner's

---

[2]A taxpayer who makes an untimely request for a sec. 6320 hearing is not entitled to a sec. 6320 hearing but may nevertheless request an "equivalent hearing" with Appeals. Sec. 301.6320-1(i)(1), Proced. & Admin. Regs. The equivalent hearing generally follows Appeals' procedures for a sec. 6320 hearing, and Appeals will consider the same issues it would have considered at a sec. 6320 hearing on the same matter. Sec. 301.6320-1(i)(1) and (2), Q&A-I1, Proced. & Admin. Regs. Rather than issue a notice of determination after an equivalent hearing, however, Appeals will issue a decision letter. Sec. 301.6320-1(i)(1), Proced. & Admin. Regs.

basis for requesting the hearing.  Settlement Officer Smith also told petitioner that his arguments were frivolous[3] and warned him of the penalty under section 6673 for instituting or maintaining proceedings primarily for delay or for taking positions that are frivolous and/or groundless.  Settlement Officer Smith further informed petitioner that petitioner could not challenge the underlying tax liability at the section 6330 hearing because he received statutory notices of deficiency for the years in dispute.

By letter dated July 10, 2006, petitioner requested that the section 6330 hearing occur by written correspondence, and he assured Settlement Officer Smith that he would provide all relevant information by July 25, 2006.  Petitioner attached to his request a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, but did not provide any information regarding his wages or employer.

Petitioner failed to submit the requested information to Settlement Officer Smith by July 25, 2006.  On July 31, 2006, the Appeals Office issued to petitioner a Notice of Determination

---

[3]For example, in a rebuttal affidavit in response to the statutory notices of deficiency, petitioner alleged that the law does not require him to file Federal income tax returns and that he is not a taxpayer under the law.  In his request for a sec. 6330 hearing, petitioner also argued that his wage income is not taxable.

Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining respondent's proposed collection actions.[4]

By letter dated July 25, 2006, petitioner sent Settlement Officer Smith a package of documents[5] which included, among other things, statements of various frivolous arguments asserted by petitioner[6] and copies of Federal income tax returns for 1991 through 1998 and 2002 that showed zero income and zero tax liability.

On August 30, 2006, the petition in this case was filed. The petition alleges:  (1) Respondent did not provide evidence that petitioner was engaged in "employment" or a "trade or business" as defined by the Internal Revenue Code; (2) respondent failed to execute a valid substitute return under section 6020(b); (3) respondent does not have authority to execute a substitute for return; and (4) petitioner filed tax returns for each year at issue showing no tax liability.

---

[4]Respondent also issued petitioner a Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 ruling that respondent's notice of lien may remain on file.

[5]The record is unclear as to when respondent received petitioner's documents.

[6]Petitioner asserted that his wages were not taxable income because he was not engaged in "employment" or a "trade or business" as defined in the Internal Revenue Code.  Petitioner also challenged respondent's authority to levy upon his property and to prepare substitutes for returns.

On April 20, 2007, we issued petitioner a notice setting his case for trial during the Court's September 24, 2007, Buffalo, New York, trial session.  On May 14, 2007, respondent filed his motion for summary judgment and to impose a penalty under section 6673(a)(1).  On June 13, 2007, petitioner filed his response.

Discussion

I.   Summary Judgment

Summary judgment is a procedure designed to expedite litigation and avoid unnecessary, time-consuming, and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues presented "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988).  The moving party bears the burden of establishing that there is no genuine issue of material fact, and factual inferences will be drawn in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).  The nonmoving party, however, cannot rest upon the

allegations or denials in his pleadings but must "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d); Dahlstrom v. Commissioner, supra at 820-821.

II. Section 6330

Section 6330 provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made. If the person makes a request for a hearing, a hearing shall be held before an impartial officer or employee of the Internal Revenue Service Office of Appeals. Sec. 6330(b)(1). At the hearing, a taxpayer may contest the existence and amount of the underlying tax liability if the taxpayer did not receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing, the Appeals Office must make a determination whether the proposed levy action may proceed. The Appeals Office is required to take into consideration the verification presented by the Secretary that the requirements of applicable law and administrative procedures have been met, the relevant issues raised by the taxpayer, and whether the proposed collection action appropriately balances the need for efficient

collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed collection action.  Sec. 6330(c)(3).

The taxpayer may petition the Tax Court for a review of the Appeals Office's determination.  Sec. 6330(d).  Where the underlying tax liability is properly at issue, the Court reviews any determination regarding the underlying tax liability de novo. Sego v. Commissioner, supra at 610.  The Court reviews any other administrative determination regarding the proposed levy action for abuse of discretion.  Id.

Petitioner asserts in his response to respondent's motion for summary judgment that respondent does not have the authority under section 6331(a) to levy on petitioner's property because respondent's authority to levy extends only to certain taxpayers.[7]  Petitioner's argument is without merit.  In Sims v. United States, 359 U.S. 108, 111-112 (1959), the Supreme Court rejected a similar argument and held that section 6331 authorizes the Commissioner to levy on property and rights to property of all taxpayers.

---

[7]Specifically, petitioner asserts respondent's levy authority extends exclusively to "any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia".

Petitioner's only remaining arguments constitute challenges to the existence of his underlying tax liabilities.[8]  However, petitioner received statutory notices of deficiency for 1991 through 1998 and 2002.  Petitioner admits receiving a statutory notice of deficiency for 1991 through 1998, and he does not dispute receiving a statutory notice of deficiency for 2002.  Consequently, petitioner is prohibited by section 6330(c)(2)(B) from disputing the existence of the underlying tax liabilities for those years.

On this record, we conclude that there is no genuine issue of material fact requiring a trial in this case, and we hold that respondent is entitled to the entry of a decision sustaining the proposed levy as a matter of law.

III. Section 6673(a)(1) Penalty

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty, not to exceed $25,000, if it appears that the taxpayer instituted or maintained a proceeding primarily for delay or that the taxpayer's position is frivolous or groundless.  Section 6673(a)(1) applies to proceedings under section 6330.  Pierson v. Commissioner, 115 T.C. 576, 581 (2000).  In proceedings under section 6330, we have

---

[8]In addition to the arguments raised in his petition, see supra p. 5, petitioner also asserts in his response to respondent's motion for summary judgment that he does not have a deficiency in tax as defined under the Internal Revenue Code and that his wages are not subject to Federal income tax.

imposed the penalty on taxpayers who have raised frivolous and groundless arguments with respect to the legality of the Federal tax laws.  See, e.g., <u>Roberts v. Commissioner</u>, 118 T.C. 365, 372-373 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); <u>Call v. Commissioner</u>, T.C. Memo. 2005-289, affd. without published opinion 99 AFTR 2d 2007-2526, 2007-1 USTC par. 50,492 (9th Cir. 2007).

The record clearly establishes that the only arguments made by petitioner during the section 6330 proceeding and before this Court were frivolous and/or groundless.  Respondent warned petitioner of the section 6673 penalty for instituting or maintaining proceedings primarily for delay or for taking positions that are frivolous and/or groundless.  Despite respondent's warning, petitioner continued to assert frivolous and groundless arguments during the section 6330 proceeding and before this Court.  Petitioner's conduct deserves appropriate sanction.  Accordingly, we shall require petitioner to pay to the United States a penalty under section 6673(a)(1) of $2,000.[9]

---

[9]Petitioner was criminally prosecuted and was convicted of tax evasion in the U.S. District Court for the Northern District of New York.  Petitioner was sentenced to 5 years in jail, fined $10,000, and ordered to pay all back taxes.

We have considered other arguments raised by petitioner, and to the extent not specifically discussed herein, we reject them as meritless.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.